**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADDAM TRAHEY, | : |
| Plaintiff, | : Civil Action No. 07-1665 (GEB) |
| v. | : **OPINION** |
| NEW JERSEY DEPARTMENT OF CORRECTIONS, et al., | : |
| Defendants. | : |

RECEIVED

MAY 0 4 2007

AT 8:30_____M
WILLIAM T. WALSH
CLERK

**APPEARANCES:**

Addam Trahey, Plaintiff pro se
#504796
Central Reception & Assignment Facility
SBI # 249791C
P.O. Box 7450
West Trenton, NJ 08628

**BROWN**, Chief Judge

Plaintiff Addam Trahey, currently confined at the Central Reception and Assignment Facility, West Trenton, New Jersey, seeks to bring this action in forma pauperis, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it

should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint will be dismissed.

## BACKGROUND

The following factual allegations are taken from the complaint, and are accepted as true for purposes of this review.

Plaintiff seeks to sue the State of New Jersey, the New Jersey Department of Corrections, and Officer Carter. He alleges that defendant Officer Carter and other unknown officers at the Central Reception and Assignment Facility smoke in the building and on the housing unit, causing him to inhale "second-hand" smoke that is hazardous to his health. Plaintiff states that the officers and sergeants smoke in the "closet," the "booth," or at the officer's desk located at the front of the housing unit, causing smoke to "come down into the unit."

Plaintiff asks for monetary relief due to the "hazard" to his health from inhaling second-hand smoke, and because the officers and staff of the facility violate state law by smoking in a non-smoking facility.

**DISCUSSION**

A. **Standards for *Sua Sponte* Dismissal**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can

3

prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

**B.  Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within

> the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### C.   Eleventh Amendment Immunity

Plaintiff names the State of New Jersey and the New Jersey Department of Corrections as defendants in this action.

The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the

state itself or by federal statute.  See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974).  The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. See Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984).  Similarly, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985).  Section 1983 does not override a state's Eleventh Amendment immunity.  See Quern v. Jordan, 440 U.S. 332 (1979).

Title 28 Sections 1915(e)(2)(B)(iii) and 1915A(b)(2) require this Court to dismiss this action if it "seeks monetary relief from a defendant who is immune from such relief."

In addition, neither states, nor governmental entities that are considered arms of the state for Eleventh Amendment purposes, nor state officers sued in their official capacities for money damages are persons within the meaning of § 1983.  See Will v. Michigan Dept. of State Police, 491 U.S. 58, 64, 70-71 and n.10 (1989); Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (the New Jersey Department of Corrections is not a person under § 1983).

For the foregoing reasons, all damages claims against the State of New Jersey and the New Jersey Department of Corrections must be dismissed with prejudice.

**D.   Plaintiff's ETS Claim Will Be Dismissed, Without Prejudice.**

Construing the Complaint liberally for this pro se litigant, it appears that Plaintiff is asserting an Eighth Amendment conditions of confinement claim relating to environmental tobacco smoke ("ETS") exposure.

The Supreme Court has held that an Eighth Amendment claim could be based upon possible future harm to health, as well as present harm, arising from exposure to environmental tobacco smoke. The test for determining deliberate indifference based on exposure to ETS has both objective and subjective components. See Helling v. McKinney, 509 U.S. 25, 35 (1993).

The objective component requires the injury to be serious, see Hudson v. McMillan, 503 U.S. 1, 8-9 (1992), and the subjective component requires that the defendant act with deliberate indifference to an inmate's health or safety. See Wilson v. Seiter, 501 U.S. 294, 302-03 (1991). In other words, the inmate must show that the risk of which he complains is not one that today's society chooses to tolerate. See Helling, 509 U.S. at 35. Exposure to ETS is not an objectively serious injury per se. See id. at 34-35.

7

Thus, in the context of a second-hand smoke claim, as asserted here, the inmate must establish that he has a serious medical need for a smoke-free environment, see Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir. 1992), or that regardless of health, the level of ETS in the prison creates an unreasonable risk of serious damage to his future health. See Helling, 509 U.S. at 35-36 (finding unreasonably high ETS exposure where plaintiff was housed with a five-packs-a-day smoker); see also Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003)(finding unreasonably high ETS exposure where plaintiff was housed for seven months with "constant" smokers); Brown v. Minor, 2003 WL 1697538 (D. Del.), aff'd 316 F.3d 257 (3d Cir. 2003)(finding unreasonably high ETS exposure where plaintiff had cell-mate who smoked two packs per day). But cf. Richardson v. Spurlock, 260 F.3d 495, 498 (5th Cir. 2001)(holding that sitting near some smokers sometimes is not an unreasonable exposure to ETS); Pryor-El v. Kelly, 892 F. Supp. 261, 267 (D.D.C. 1995)(dismissing an ETS claim in which the plaintiff alleged "only that various unnamed inmates and prison officials smoke 'in the TV room, games room, and letter writing room'").

To prove deliberate indifference under the subjective component, an inmate must show that the defendant official knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to

8

abate it. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). This deliberate indifference factor "should be determined in light of the prison authorities' current attitudes and conduct." Helling, 509 U.S. at 36. "The adoption of a smoking policy ... will bear heavily on the inquiry into deliberate indifference." Id. at 36. However, imperfect enforcement of a non-smoking policy does not equate to deliberate indifference. See Franklin v. District of Columbia, 163 F.3d 625, 636 (D.C. Cir. 1998); Morris v. Lorillard, 2006 WL 2796029 (M.D. Pa. Sept. 25, 2006).

Here, Plaintiff alleges only that he has been exposed to ETS. He does not allege that he has been exposed to excessive levels of ETS for a significant amount of time. Nor does he complain of any medical conditions, or any medical symptoms as a result of his exposure to ETS. Thus, Plaintiff has not alleged facts indicating either a serious medical need, nor deliberate indifference in order to warrant relief under the Eighth Amendment.

## CONCLUSION

Based on the foregoing, all claims against defendants State of New Jersey and the Department of Corrections will be dismissed, as these defendants are immune from this § 1983 suit. Plaintiff's complaint against Officer Carter alleging unlawful exposure to ETS will be dismissed, without prejudice. See Alston, 363 F.3d at 234 n.7 (stating that with a complaint that

makes "little sense," District Court could have dismissed complaint without prejudice, to permit Plaintiff to amend the complaint). The Court notes that "generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action." Martin v. Brown, 63 F.3d 1252, 1257-58 (3d Cir. 1995)(quoting Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976)). In this case, if Plaintiff can correct the deficiencies of his complaint, he may file a motion to reopen these claims in accordance with the attached Order.

_____
GARRETT E. BROWN, JR.
Chief Judge
United States District Court

Dated: May 2, 2007